**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**


UNITED STATES OF AMERICA

      *Plaintiff,*

                               CASE NO. 15-30385

*v.*


                               MAG. JUDGE ELIZABETH A. STAFFORD


RALPH TURNER

      *Defendant.*

_____/


**ORDER OF DETENTION PENDING TRIAL**

      After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. §

3142(f), I conclude that these facts require that Defendant be detained pending trial.

**Part I – Findings of Fact**

**A.**    **Eligibility. This case is eligible for a Detention Hearing (18 U.S.C. § 3142(f)),**
        **for the reasons checked below in this Part I A:**

☐(1)  Under 18 U.S.C. § 3142(f)(1), upon the government's motion in a case that
        involves

      ☐(a)  a crime of violence, a violation of section 1591, or an offense listed in
             2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or
             more is prescribed; **or**

      ☐(b)  an offense for which the maximum sentence is life imprisonment or death;

      **or**

☐(c)   an offense for which a maximum term of imprisonment of ten years or
more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-
904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-
971), or Chapter 705 of Title 46; **or**

☐(d)   any felony if such person has been convicted of two or more offenses
described in subparagraphs (a) through (c) of this paragraph, or two or
more State or local offenses that would have been offenses described in
subparagraphs (a) through (c) of this paragraph if a circumstance giving rise
to Federal jurisdiction had existed, or a combination of such offenses; **or**

☒(e)   any felony that is not otherwise a crime of violence but involves:

☐(i)   a minor victim, **or**

☐(ii)   the possession or use of a firearm or destructive device (as defined in
section 921), **or**

☐(iii)  any other dangerous weapon, **or**

☒(iv)  involves a failure to register under 18 U.S.C. § 2250.

☒(2)   Under 18 U.S.C. 3142(f)(2), upon the government's motion or the court's own
motion in a case that involves

☒(a)   a serious risk that such person will flee; **or**

☐(b)   a serious risk that such person will obstruct or attempt to obstruct justice, or
threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a
prospective witness or juror.

**B.     Rebuttable Presumption. A rebuttable presumption for detention exists in
this case if reasons are checked below in this Part I B.**

**(1)     Defendant on Release Pending Trial (18 U.S.C. § 3142 (e)(2)):** A rebuttable
presumption that no condition or combination of conditions will reasonably assure
the safety of another person or the community arises when

☐(a)   Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1),
and has previously been convicted of a crime listed in 18 U.S.C. §
3142(f)(1), or comparable state or local offense; **and**

□(b)   The offense was committed while Defendant was on release pending trial for a federal, state, or local offense; **and**

□(c)   A period of less than five years has elapsed since

□(i)   the date of conviction, **or**

□(ii)  Defendant's release from prison.

**(2)    Probable Cause Findings (18 U.S.C. § 3142(e)(3)):** A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community arises when there is probable cause to believe that Defendant has committed an offense

□(a)   for which a maximum prison term of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46; **or**

□(b)   under 18 U.S.C. § 924(c) (use of a deadly or dangerous weapon or device in relation to a crime of violence or drug trafficking crime), 18 U.S.C. § 956(a) (conspiracy to kill, kidnap, maim, or injure persons or damage property in a foreign country), or 18 U.S.C. § 2332b (acts of terrorism transcending national boundaries); **or**

□(c)   listed in 18 U.S.C. § 2332b(g)(5)(B) (federal crimes of terrorism) for which the prison term is 10 or more years; **or**

□(d)   under Chapter 77 of Title 18, United States Code, for which a maximum term of imprisonment of 20 years or more is prescribed (i.e., 18 U.S.C. §§ 1581, 1583, 1584, 1589, and 1594)(slavery); **or**

□(e)   involving a minor victim as listed in 18 U.S.C. § 3142(e)(3)(E).

## Part II – Statement of the Reasons for Detention

I find that the testimony and information submitted at the detention hearing establishes

☐     by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

☐     by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure Defendant's appearance; **or**

☐     both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(i):**

For the reasons stated on the record, including the fact that Turner absconded in 2009 from his probation following his felony conviction for criminal sexual conduct, second degree, which resulted from his sexual assault of a fourteen-year-old girl.  The pretrial services report indicates Turner had violated probation or was serving a term of probation when he committed new crimes in four other criminal matters.  Further, while an absconder, Turner fathered two children and watched them without supervision while the mother worked, in violation of the terms of his probation.  In light of this history, Turner cannot be trusted to report as directed and presents a danger to the public even while under court supervision.

**Part III – Directions Regarding Detention**

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of a United States Court or on request of an attorney for the Government, the

person in charge of the corrections facility must deliver Defendant to the United States

Marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

Date: August 21, 2015                         S/ELIZABETH A. STAFFORD
                                              Elizabeth A. Stafford
                                              United States Magistrate Judge